**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Justin Brown,
    Petitioner,

vs.                                     Case No. 1:03cv449
                                              (Spiegel, J.; Black, M.J.)

Anthony Brigano,
    Respondent.

**REPORT AND RECOMMENDATION**

      Petitioner, an inmate in state custody at Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's Return of Writ, and petitioner's traverse. (Docs. 1, 5, 10).

**Procedural Background**

      The 1994 term of the Hamilton County, Ohio, grand jury indicted petitioner on four counts of aggravated robbery as defined in Ohio Rev. Code § 2911.01, each with a firearm specification, and five counts of robbery as defined in Ohio Rev. Code § 2911.02. (Doc. 5, Ex. 1).

      Petitioner pled guilty to two counts of aggravated robbery and a firearm specification. (*Id.,* Ex. 3).

      On June 14, 1995, the Court sentenced petitioner to consecutive prison terms of five to twenty-five years for each of the aggravated robbery counts with five years of actual incarceration and three years of actual incarceration on the gun specifications. (*Id.,* Ex. 6)

Petitioner did not timely appeal his convictions. (Doc. 5 at 2). Instead, on July 16, 1996, petitioner filed a post-conviction petition alleging claims of ineffective assistance of trial counsel, improper seizure of evidence and a coerced plea. (Doc. 5, Ex. 8). On October 4, 1996, the Hamilton County Court of Common Pleas denied the petition as barred by the doctrine of *res judicata* because petitioner's claims could have been raised on direct appeal. (Doc. 5, Ex. 9).

On July 16, 1999, petitioner filed a motion for sentence reduction which the trial court denied on March 7, 2000. (Doc. 5, Exs. 10, 11).

On September 28, 2000, petitioner attempted belatedly to file a direct appeal of his conviction, but on November 30, 2000, the Ohio Court of Appeals denied his motion for a delayed appeal because he failed to substantiate the late filing. (Doc. 5, Exs. 12, 13, 15).

On March 16, 2001, petitioner filed a motion to withdraw his guilty plea under Rule 32.1 of the Ohio Rules of Criminal Procedure alleging that counsel performed deficiently by failing to protect his right to a speedy trial and his right to allocution of sentence, rendering his plea involuntary. (*Id.*, Ex. 16). On September 17, 2001, the trial court summarily denied his motion. (*Id.*, Ex. 18).

On October 18, 2001, petitioner appealed the trial court's ruling, but the appeal was dismissed as untimely. (*Id.,* Ex. 19, 20).

On December 10, 2001, petitioner filed a motion for a delayed appeal in the Ohio Court of Appeals, raising the following assignments of error:

1. The trial court committed prejudicial error and abused its discretion in sua sponte dismissing the motion to withdraw guilty plea in violation of appellant's absolute right to procedural due process of law as guaranteed under the 14th Amendment to the U.S. Constitution as well as Article I, § 16, Ohio Constitution.

2. The trial court below committed prejudicial error and abused his discretion in granting the plaintiff-appellee a directed verdict and summary judgment in this case in violation of appellant's absolute right to procedural due process of law as guaranteed under the Ohio and United States Constitution.

> 3. It was an abuse of discretion and prejudicial error for the trial court below to overruled appellant's motion to withdraw his guilty plea without making and filing written findings of fact and conclusions of law relative to such dismissal in violation of his absolute right to procedural due process of law as guaranteed by the Ohio and United States Constitution.
>
> 4. It was an abuse of discretion and prejudicial error for the trial court to enter a dismissal order of the motion to withdraw guilty plea without first ordering and conducting an evidentiary hearing in this case in violation of appellant's absolute right to procedural due process of law as guaranteed by the Due Process Clause of the Ohio and U.S. Constitutions.

(*Id.*, Ex. 22). Although initially the Ohio Court of Appeals determined that petitioner's petition was untimely and successive, upon reconsideration, the court reviewed each assignment of error. (*Id.*, Exs. 24, 25, 28, 29).

On October 25, 2002, the Ohio Court of Appeals affirmed the judgment of the trial court. (*Id.*, Ex. 29).

On March 19, 2003, the Supreme Court of Ohio denied petitioner's motion for a delay appeal, filed on February 10, 2003. (*Id.*, Exs. 30, 31).

Next, petitioner initiated the instant federal habeas corpus action. The petition was stamped as "filed" on June 19, 2003. (Doc. 1). However, under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Petitioner signed his petition on June 9, 2003. Therefore, absent evidence to the contrary, the Court assumes the petition was delivered to prison authorities and thus "filed" on June 9, 2003.

Petitioner alleges three grounds for relief with supporting facts which are quoted verbatim:

>**Ground One:** Guilty plea unlawfully induced in violation of Due Process Clause where defense counsel ineffective.
>
>>Supporting facts: Defense Counsel unlawfully induced guilty plea, not withstanding speedy trial violation and his failure to file dismissal motion and to allocate sentence, thereby rendering guilty plea unknowing and unintelligent.
>
>**Ground Two:** Ohio Court of Appeals and trial court denied petitioner his absolute right to Procedural Due Process of Law.
>
>>Supporting facts: Trial court gave no reasons to deny withdrawal of guilty plea motion and Ohio Court of Appeals made factual finding that is not supported by the State court record, thereby manifesting a "partial tribunal", a "structural" defect in violation of the 6th and 14th Amendment to the U.S. Constitution.
>
>**Ground Three:** Where state sentencing court lacked personal jurisdiction petitioner is actually innocent of offense and sentence.
>
>>Supporting facts: No rational trier of fact could have found Petitioner guilty of offenses where trial court lacked personal jurisdiction where speedy trial time limit had run.

(Doc. 1 at 5).

Respondent argues that the claims raised are barred by the statute of limitations, procedurally defaulted, and lack merit. (Doc. 5). Petitioner concedes that his first claim is time barred. (Doc. 10 at 1-2). He offers his third ground merely as cause for any procedural default, not as an independent ground for relief. (Doc. 1 at para. 13).

## OPINION

### I. Ground One Of The Petition Is Barred From Review By The Statute Of Limitations.

In his return of writ, respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 5, Brief, pp. 8-10).

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner's first claim involves an allegation of error occurring during the plea taking and sentencing proceedings. Petitioner neither argues nor alleges facts to suggest that the underlying factual bases of this claim could not have been discovered through the exercise of due diligence before the expiration of time for seeking direct review in the Ohio courts. Therefore, it appears this claim is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Based on the present record, it appears that petitioner's conviction became "final" for statute of limitations purposes on July 14, 1995, when the thirty (30) day period for filing an appeal as of right from the June 14, 1995 judgment of conviction and sentence expired. *See* Ohio R. App. P. 4(A).

Because petitioner's conviction became "final" under § 2244(d)(1)(A) in 1995 before the 1996 enactment of the one-year statute of limitations set forth in the

AEDPA, petitioner was entitled to a one-year grace period from the April 24, 1996 enactment date, or until at the latest April 24, 1997, in which to file a federal habeas corpus petition. *See Bronaugh v. Ohio,* 235 F.3d 280, 284-85 (6th Cir. 2001) (and cases cited therein).[1]

Therefore, with respect to Ground One, the statute of limitations began to run on April 24, 1996 and expired one year later absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During the one-year limitations period commencing April 24, 1996, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[2]

An application for state post-conviction relief remains "pending" until the end of the statutorily allotted period for appeal, even if the prisoner does not in fact file an appeal during that period.[3]

---

[1] *See also Brown v. O'Dea,* 187 F.3d 572, 576-77 (6th Cir. 1999), *judgment vacated and matter remanded for reconsideration on different ground,* 530 U.S. 1257 (2000); *Brown v. Angelone,* 150 F.3d 370, 374-76 (4th Cir. 1998); *Ross v. Artuz,* 150 F.3d 97, 103 (2nd Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 111 (3rd Cir. 1998); *Calderon v. United States District Court for Central District of California,* 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied,* 522 U.S. 1099, 523 U.S. 1061 (1998), *overruled in part on other grounds,* 163 F.3d 530 (9th Cir. 1998); *Lucas v. Carter,* 46 F.Supp.2d 709, 711 (N.D. Ohio 1999).

[2] *See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

[3] *See Gravitt v. Tyszkiewicz*, 35 Fed. Appx. 116, 118 (6th Cir. 2002)(unpublished), 2002 W.L. 104783, *2; *Whitcomb v. Smith*, 23 Fed. Appx. 271, 273 (6th Cir. 2001) (unpublished), 2001 W.L. 1176370, *2; *see also Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000); *Williams v. Cain*, 217 F.3d 303, 311 n. 9 (5th Cir. 2000); *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 884 (8th Cir. 1999); *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999), *cert. denied,* 528 U.S. 1197 (2000).

This tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[4]

Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Similarly, a motion for delayed appeal tolls the running of the statute of limitations, but does not cause the statute to begin running anew. *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001).

In this case, the statute of limitations ran for just under three months from April 24, 1996 until petitioner filed his post-conviction petition on July 16, 1996.

An action for post-conviction relief is a civil proceeding and is governed by the Ohio Rules of Appellate Procedure as applicable to civil actions. *State v. Nichols*, 11 Ohio St .3d 40, 463 N.E.2d 375 (1984), paragraph two of the syllabus. Pursuant to Ohio App. R. 4(A), an appeal from the denial of post-conviction relief must be filed within thirty days of judgment. *See id.*; *State v. Harvey*, 68 Ohio App.2d 170, 171, 428 N.E.2d 437, 438 (Ohio App. 8 Dist. 1980). Since the trial court denied the petition on October 4, 1996, a timely notice of appeal had to be filed by November 3, 1996. Thus, the post conviction petition was "pending" in the state courts until November 3, 1996, the deadline for filing a notice of appeal under Ohio App. R. 4(A). Thereafter, the statute of limitations ran for approximately nine months ending in August 1997 absent further tolling.

Petitioner's filings after August 1997, including his motion for sentence reduction, his motion for a delayed direct appeal, his motion to withdraw his guilty plea and subsequent appeals, occurred after the expiration of the statute of

---

[4] *See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

limitations and, hence, cannot serve to toll the statute.

Since petitioner's first claim was due to be filed in August of 1997, and instead petitioner filed the instant petition on June 9, 2003, petitioner filed his first ground for relief approximately six years too late.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151).

The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Petitioner does not argue that he is entitled to equitable tolling and has made no attempt to apply the five equitable tolling factors to the instant habeas petition. Petitioner does not argue and there is no evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas corpus petitions. In addition, petitioner has failed to demonstrate that he acted with due diligence in pursuing his federal remedy. Therefore, equitable tolling is inappropriate in this case.

Petitioner contends that his claim for relief should not be barred from review because he has demonstrated  actual innocence. (Doc. 1, para. 12c). The Sixth Circuit held this year that the one-year AEDPA statute of limitations is subject to equitable tolling based on a "credible showing of actual innocence" under the

standard enunciated by the Supreme Court in *Schlup v. Delo,* 513 U.S. 298 (1995). *Souter v. Jones,* 395 F.3d 577, 599 (6th Cir. 2005).

In order to obtain habeas corpus review of his claims on the merits under this "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial."[5] .

To be credible, a claim of actual innocence requires petitioner to support his allegations "with new reliable evidence . . . that was not presented at trial" either because it was wrongly excluded or unavailable at the time of trial. *Alexander,* 991 F.Supp. at 339-40 (quoting *Schlup,* 513 U.S. at 324).[6]

Establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999); *Holloway,* 166 F.Supp.2d at 1190-91. In order to pass through the actual innocence gateway, a petitioner's case must be "truly extraordinary." *Alexander,* 991 F.Supp. at 339 (quoting *Schlup,* 513 U.S. at 327).

Here, petitioner's claim of "actual innocence" derives from his argument that his case should have been dismissed because the state failed timely to bring him to trial pursuant to Ohio's speedy trial statute, Ohio Rev. Code § 2945.71 *et seq.* (Doc.

---

[5] *Alexander v. Keane,* 991 F.Supp. 329, 339 (S.D.N.Y. 1998) (quoting *Schlup,* 513 U.S. at 327-28, which cited with approval the standard enunciated by Judge Friendly in a 1970 law review article, *Is Innocence Relevant? Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142, 145 (1970)); *see also Whalen v. Randle,* 37 Fed.Appx. 113, 121 (6th Cir. Mar. 12, 2002) (not published in Federal Reporter) (citing *Alexander,* 991 F. Supp. at 339); *Lucidore v. New York State Division of Parole*, 209 F.3d 107, 114 (2nd Cir.), *cert. denied,* 531 U.S. 873 (2000).

[6] S*ee also Channels v. McLemore,* 34 Fed.Appx. 153, 155 (6th Cir. Jan. 25, 2002) (not published in Federal Reporter), *cert. denied,* 537 U.S. 1090 (2002); *Hill v. Randle,* 27 Fed.Appx. 494, 496 (6th Cir. Nov. 7, 2001) (not published in Federal Reporter); *Lucidore,* 209 F.3d at 114; *Holloway v. Jones,* 166 F.Supp.2d 1185, 1191 (E.D. Mich. 2001).

1, para. 12c).

However, the Ohio Court of Appeals determined that petitioner was brought to trial well within the statutory time and that Ohio law did not mandate his discharge. (Doc. 5, Ex. 29 at 5). Moreover, in any event, this is not evidence of petitioner's *factual* innocence. Petitioner's argument is based on the legal sufficiency of his conviction which does not satisfy the actual innocence standard.

Accordingly, in sum, the Court concludes that ground one of the instant petition is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

## II. Petitioner's Second Ground For Relief Is Waived Due To A Procedural Default Committed In The State Courts.

In his second ground for relief, petitioner asserts that the proceedings involving his motion to withdraw his guilty plea, both at the trial court and appellate court level, violated his right to due process of law.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through to the state's highest court, or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open, or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,*

10

763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court, and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.

To obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

In this case, petitioner committed a procedural default with respect to his second ground for relief by failing to file a timely appeal to the Supreme Court of Ohio. Although petitioner attempted to obtain a delayed appeal before that court, the Sixth Circuit recently held in an analogous case that the Supreme Court of Ohio's unexplained entry denying a motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. April 27, 2004) (*per curiam*), *petition for cert. filed* (U.S. June 30, 2004) (No. 04-6312). In so holding, the court reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.* (and unpublished Sixth Circuit cases cited therein).

Petitioner has failed to establish "cause" for his procedural default in the state courts. He argues that he attempted timely to file his appeal, but each time the clerk rejected his documents because they exceeded the page limits. (Doc. 1, supporting memorandum at 3-4). In *Bonilla, supra,* 370 F.3d at 498, the Sixth Circuit specifically rejected a similar arguments for "cause" that is asserted here, as follows:

> First, [petitioner's] pro se status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default. *See Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995). Second, [petitioner's] ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default. *See id.* . . .

Moreover, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claim for relief is not addressed on the merits by this Court. As indicated above, *see* page 9, *supra,* petitioner has not shown that he is actually innocent of the crimes of which he was convicted.

Accordingly, the Court concludes that petitioner is not entitled to habeas corpus relief because he has waived his second ground for relief due to his procedural default in failing to file a timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' decision affirming the trial court's denial of his motion to withdraw his guilty plea.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to either claim in petitioner's petition because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-

part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[7]

      3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: July 22, 2005                                          s/Timothy S. Black
        hr                                                                    Timothy S. Black
                                                                                         United States Magistrate Judge


J:\ROSENBEH\2254(2005)\03-449sol&waiv.wpd

---

[7]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Justin Brown,
    Petitioner

    vs.                                              Case No. 1:03cv449
                                                         (Spiegel, J.; Black, M.J.)

Anthony Brigano,
    Respondent

## NOTICE

      Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).